UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| YASIN S. HAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ELLER, STEVE ANDREWS, and I/A JOHNSON,<br><br>Defendants. | ) | No.: 3:26-CV-445-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yasin S. Hawkins, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") incarcerated at the Northeast Correctional Complex ("NECX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 2] and an application for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 1] and **DISMISS** the complaint for failure to state a claim.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might

later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim against any defendant, Plaintiff must establish that a "person" acting "under color of" state law deprived him of a federal right. 42 U.S.C. § 1983

### B. Plaintiff's Allegations[1]

Plaintiff was moved to Unit 5-10 at NECX on May 19, 2026 [Doc. 2, p. 4]. Plaintiff was on protective custody and requested the correctional officer ("CO") on duty to put him "on double lockdown" [*Id.*]. On May 20, 2026, an unidentified CO opened Plaintiff's cell door, permitting three inmates to enter Plaintiff's cell and sexually assault him, stab him, and rob him while looking for drugs [*Id.* at 5, 7].

Following the assault, Plaintiff was evaluated by the nurse and given aspirin [*Id.* at 7]. Photos of Plaintiff were also taken [*Id.*].

Plaintiff filed a grievance about the assault on May 26, 2026 [*Id.* at 5]. On June 9, 2026, Plaintiff filed a request for Defendant Steve Andrews, the Associate Warden of Treatment ("AWT") and "overseer" of Prison Rape Elimination Act ("PREA") policies, to come speak with him about the sexual assault allegations [*Id.* at 5]. However, Andrews never came to speak to Plaintiff [*Id.*]. Instead, Andrews responded that Plaintiff's allegation was

---

[1] The grievance records attached to Plaintiff's complaint form part of his pleadings. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings[.]" (citing Fed. R. Civ. P. 10(c))). And, to the extent the complaint and an exhibit are contradictory, "the exhibit trumps the allegations." *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025).

under investigation, and that Internal Affairs ("IA") investigators had interviewed both Plaintiff and the alleged assailants [*Id.* at 14].

In response to Plaintiff's grievance about the incident, Andrews determined that Plaintiff was in Unit 3 at the time of the alleged incident, and that a review of the cameras showed that no one entered Plaintiff's cell and no one opened Plaintiff's cell door [*Id.* at 20]. At a grievance committee hearing on June 22, 2026, Plaintiff told the committee that even though he had been high for five days at the time of the assault, he was sure he was in Unit 5 and not Unit 3 at the time [*Id.* at 18]. Therefore, he claimed, the investigators "looked at [the] wrong camera" [*Id.*]. At the conclusion of the hearing, the committee recommended that the cameras in Unit 5 be reviewed and an investigation conducted "into whether this incident happened" [*Id.*].

On June 22, 2026, Defendant Warden Brian Eller found Plaintiff had made a false claim "that was verified by the camera" and recommended discipline for Plaintiff [*Id.* at 17]. The Assistant Commissioner of Prisons concurred with Warden Eller's conclusions [*Id.* at 16].

On August 21, 2026, Plaintiff received notice that his PREA allegation was deemed unfounded [*Id.* at 15]. But Plaintiff maintains that this is because investigators made an "error in [the] date and time" of their camera review [*Id.* at 9].

Aggrieved, Plaintiff filed this action against Defendants Warden Eller, Andrews, and IA Officer Johnson solely in their official capacities, seeking monetary damages [*Id.* at 2–3, 7].

**C. Analysis**

By seeking relief against Defendants in their official capacities, Plaintiff is actually seeking suit against the entity "of which the officer is an agent." *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Here, that is the Tennessee Department of Correction ("TDOC"). But Plaintiff cannot maintain suit against the TDOC, because it is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). And "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, Plaintiff's official-capacity claims against Defendants are impermissible and must be dismissed.

Further, even if Plaintiff had sued one or more Defendants individually, his complaint still fails to state a viable § 1983 claim. The Court explains below.

First, the Court considers Warden Eller. Plaintiff maintains that Defendant Eller failed to ensure the facility was safe, and he "failed to honor [TDOC] policy 404.9"[2] [Doc. 2, p. 5]. Constitutional liability cannot attach to Warden Eller solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Instead, to state a claim against Warden Eller in his individual capacity, Plaintiff must

[2] Plaintiff does not identify what Policy 404.9 is. Nevertheless, failure to follow institutional policy does not give rise to a constitutional violation. *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).

adequately plead that Warden Eller's own actions violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Plaintiff has not alleged any facts permitting the plausible inference that Warden Eller took actions that violated Plaintiff's constitutional rights, and "supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'" *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Therefore, Warden Eller is otherwise entitled to be dismissed.

Next, the Court considers Plaintiff's allegations against Andrews. Plaintiff maintains that Andrews failed to speak with Plaintiff about his sexual assault allegations, even though he is the "overseer of PREA" and Warden of Treatment [Doc. 2, p. 5]. However, Andrews cannot be held liable under § 1983 for failing to speak with Plaintiff, because Plaintiff has not identified a constitutional injury from that failure. And, just as the Court noted with regard to Warden Eller, a "'failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, Plaintiff's attached exhibits make it apparent that Plaintiff's allegations were investigated, and that IA officers did come speak to Plaintiff about his allegations [*Id.* at 14]. Therefore, Andrews is likewise entitled to be dismissed.

Finally, the Court considers Plaintiff's allegations against Officer Johnson, who allegedly "fail[ed] to investigate properly and lied to cover up [Plaintiff's] sexual assault"

[Doc. 2, p. 5]. However, Plaintiff does not possess a constitutional right to an investigation into his sexual assault allegations. *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *see also Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (providing that a "failure to act . . . do[es] not constitute 'active constitutional behavior' as required [to implicate § 1983] and thus, [is] not actionable" under § 1983 (quoting *Bass*, 167 F.3d at 1048)).

Further, as to the allegation that Officer Johnson lied to cover up Plaintiff's assault, such allegations do not implicate a constitutional right. As noted above, Plaintiff has no constitutional right to an investigation. And even if the Court assumes that Officer Johnson created false records concerning the alleged assault, those records did not cause or contribute to the assault or otherwise deprive Plaintiff of a constitutional right. Falsity, in and of itself, is not a constitutional violation. *See, e.g., Gregory v. City of Louisville*, 444 F.3d 725, 748 (6th Cir. 2006) (finding plaintiff failed to establish constitutional injury from the mere "existence and creation" of allegedly false investigative notes). Therefore, all claims against Officer Johnson should be dismissed.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Even with liberal construction, Plaintiff's complaint fails to state a claim, and this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate judgment order will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE